COMMONWEALTH *vs.* RICARDO BEST. December 18, 1986. *Practice, Criminal,* Argument by prosecutor.

Identification was the central issue at the defendant's trial for armed robbery. It was the theory of the defense that the store clerk who had been accosted at knife point was mistaken in her identification of the defendant as the robber and that her error came about largely because the defendant was black. Defense counsel[1] announced his theme in his opening: "Now Ricardo Best, the gentleman sitting with me, is black. He's going to be the only black person sitting in this room when the young lady [the victim] gets on the witness stand and makes an identification. Keep that in your minds." As the trial progressed, defense counsel continued to work that vein, occasionally in an offensive manner, e.g., "Have you ever heard that all black people look alike?"

---

[1] Counsel for the defendant on appeal is not the lawyer who tried the case.

In his closing argument, the prosecutor, regrettably, felt an obligation to fight fire with fire. Cf. *Commonwealth* v. *Burnett*, 371 Mass. 13, 18-19 (1976). He said, "Well, in the first place I want to say if there's any racial overtone to this case, it's only because of [defense counsel]. There was no racial issue here until [he] tried to create one in an attempt to persuade you to take your eye off the ball, to divert your attention away from the real issue in this case.

"Secondly, you know, it's interesting that those black people who were here at various points throughout the trial — Mr. Best's family and friends — mysteriously disappeared from the courtroom [objection by defense counsel] [w]hen [the victim] testified." Defense counsel objected again and the trial judge said he noted the objection. The prosecution followed through as follows:

"Could it be that was something that was staged just to give the defense something to argue, just to let them say, yes, there was only one black person here? [Defense counsel] told you in his opening statement that Ricardo Best would be the only black man here when Lisa Litano testified. How did he know that unless the whole thing was planned ahead of time?"

Those remarks provide the basis for the sole ground of appeal. It is that the prosecutor improperly suggested to the jury that defense counsel had connived with the defendant to contrive a particular atmosphere at the trial and that the prosecutor unfairly marked defense counsel and client with a taint of deviousness at a time when defense counsel could no longer respond. Closing argument which goes beyond any permissible inferences from the evidence is prosecutorial error of a degree which may require reversal. *Commonwealth* v. *Hawley*, 380 Mass. 70, 84 (1980). See also *Commonwealth* v. *O'Brien*, 377 Mass. 772, 778 (1979) (reference to an imaginary conversation between defense counsel and a witness was plainly wrong); *Commonwealth* v. *Hogan*, 12 Mass. App. Ct. 646, 651 (1981).

What occurred in the instant case drank less deep. The prosecutor did not invent facts or conversations; rather, he invited inferences from events which had occurred within the sight and hearing of the jury. The inference the prosecutor drew from the absence of any of the defendant's family and racially like friends at the moment of identification was not wholly implausible, as is demonstrated, perhaps, by the fact of the prosecutor's having drawn the inference he did. The prosecutor could be forgiven for thinking that his adversary might not be above some manipulation. See *Commonwealth* v. *McColl*, 375 Mass. 316, 323-324 (1978). Defense counsel had, after all, earlier responded to a protest by the prosecutor at a sidebar conference with the remark: "Listen, a criminal case isn't a test of fairness."

In *Commonwealth* v. *MacDonald (No. 1)*, 368 Mass. 395 (1975), the court observed, at 401, that "cases of this sort turn on their individual facts." Even were we to conclude that the protested remarks were at the belt line and better not said, we do not think that in the context of the entire record they were of a quality and potency which require reversal. The

remarks in question did not focus on the crime. See *Commonwealth* v. *Bourgeois*, 391 Mass. 869, 884-886 (1984). Compare *Commonwealth* v. *Hoppin*, 387 Mass. 25, 28-32 (1982). They did not impugn the credibility of the defendant or his lawyer. At worst, they made defense counsel look slick and, therefore, unloveable to the jury. On our review of the entire record, defense counsel had already made a tactical decision to risk being unloved. The objected-to remarks did not greatly increase the hazard. Considering the background against which the prosecutor's remarks were made, they do not require reversal.

*Judgment affirmed.*

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

*Daniel A. Ford*, Assistant District Attorney, for the Commonwealth.